■ LAWRENCE G. WHELAN, Respondent, v. JOSEPH FONDACARO, Appellant.— *Per Curiam*. Appellant's sole contention is that the verdict of $8,500 was excessive. Plaintiff sustained a somewhat severe injury to his neck muscles and ligaments but there was no proof of permanency. There was no satisfactory evidence of the time lost by plaintiff from his work as a carpenter by reason of his injuries, differentiated from the periods of his unemployment on account of the seasonal nature of his work. The jury could have properly found, however, that he experienced periods of acute pain and discomfort. The attending physicians' bill of $97 was largely for diathermy treatments. There was property damage of $499.21. The combined verdict was excessive. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event, unless, within 20 days after service of a copy of the order to be entered hereon, respondent shall stipulate to reduce the verdict to $5,750, in which event judgment, as reduced, affirmed, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Hamm, JJ., concur.

■ ENDWELL RUG CO., INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 39830.) — *Per Curiam*. It is clear that the trial court's award of $34,467.50 for consequential damages was based solely on its conclusion that "as a result of the improvement, the property is left without a reasonably suitable means of access for its highest and best available use" and that the consequential damages found were solely for loss of such access. Neither the record nor the physical circumstances of the property itself support any finding of loss of suitable access within the meaning of the pertinent authorities. (See *Selig* v. *State of New York*, 10 N Y 2d 34; *Northern Lights Shopping Center* v. *State of New York*, 20 A D 2d 415, affd. 15 N Y 2d 688; *Hall & McChesney* v. *State of New York*, 15 Misc 2d 748, affd. 11 A D 2d 899, mot. for lv. to app. den. 8 N Y 2d 710; *National Biscuit Co.* v. *State of New York*, 12 A D 2d 998, mod. 14 A D 2d 729, cert. den. 370 U. S. 924; *Nettleton Co.* v. *State of New York*, 11 A D 2d 899; see, also, Nichols, Eminent Domain, § 14.2431, p. 595.) If the result is unjust in cases such as this, the remedy lies with the Legislature and not with the courts. Judgment modified, on the law and the facts, so as to reduce the award to $5,157.50, the direct damages found, with appropriate interest, and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.